Opinion oí the Court.
THIS was an appeal, in the circuit courts from tbe judgment of a justice of the peace, given against the defendant in the warrant, now defendant in error. A verdict was found, and a judgment again renderecHn favor of the now plaintiff in error. After this judgment, is the following entry: “ By consent of the parties, this judgment is entered subject to the opinion of the court upon tbe law arising upon cei*$Hn points reserved.”
jOn a subsequent day of tbe term, there is an entry to this effect: “ The court being now sufficiently advised of and concerning the points reserved, is of opinion, that the law arising thereon is in favor of tbe appellant; therefore, it is considered by tbe court, that the verdict and judgment entered herein be set aside, and that the appellant recover of the appellee his costs herein expended.”
To this judgment this writ of error is prosecuted. Upon no fair construction which we can give this judgment, does it dispose of the cause finally in the court below. The process is not ended by it in that court. It only Sets aside tbe verdict and judgment, leaving the cause open for further proceedings. To that part of it, then, n® writ of error lies; and the writ can. only operate on the-judgment for costs, which, in itSfferms, seems to give the costs of the whole suit.' Although it is in general-Improper to render more than one j udgment in a common law suit, and that is the decision which terminates the cause, and costs given al; any previous stage *234 ought to be given by an order only; and although, i/ a judgment for such costs p’endenle lite be improperly rendered, a writ of error might be prosecuted to reverse it yet, in this case, there is no error assigned touching the judgment for costs. And, therefore, both by act of assembly and the established rules of practice in this court, which require errors to be assigned, and none to be noticed except such as are assigned, or as arise after a reversal takes place for those assigned, we cannot give any redress against the present judgment for costs.
It must, therefore, be affirmed, but without costs, as the defendant In error has entered no appearance.